```
UNITED STATES DISTRICT COURT            NOT FOR PRINT OR
EASTERN DISTRICT OF NEW YORK            ELECTRONIC PUBLICATION
----------------------------------X
NOAH HANCOCK SIMMONS,

                Petitioner,            MEMORANDUM AND ORDER

     -against-                         12-CV-00188


HONORABLE A. GAIL PRUDENTI,
Presiding Justice, Appellate
Division, Second Judicial Department;
HONORABLE JOHN G. INGRAM, Justice,
Supreme Court, Kings County;
CHARLES J. HYNES, District Attorney,
Kings County

                Respondents.
----------------------------------X
```

MATSUMOTO, United States District Judge:

  *Pro se* Petitioner Noah Hancock Simmons ("petitioner"), currently incarcerated at Orleans Correctional Facility in Albion, New York, filed the instant "application for writ of *certiorari*" pursuant to 28 U.S.C. § 1651(a). (ECF No. 1, Petition ("Pet.") at 1.[1]) The court grants petitioner's request to proceed *in forma pauperis* solely for the purpose of this Memorandum and Order. (*See* ECF No. 2, Motion for Leave to Proceed *in forma pauperis*.) For the reasons set forth below, petitioner's application is dismissed.

---

[1] The Petition includes several additional documents that have been consecutively paginated by the court's Electronic Filing System ("ECF"). The court refers to the page numbers of the Petition assigned by ECF when referring to these additional documents.

1

**BACKGROUND**

On June 18, 1990, after a jury trial in New York State Supreme Court, Kings County, petitioner was convicted of Attempted Murder in the Second Degree, Attempted Robbery in the First Degree, and Criminal Possession of a Weapon in the Second Degree (the "1990 Conviction"). (Pet. at 16.) On October 17, 1995, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction, which was denied on July 13, 2000. *See Simmons v. Artuz*, No. 95-CV-04229 (ARR) (E.D.N.Y. July 13, 2000), *appeal dismissed*, Mandate, No. 00-2532 (2d Cir. Jan. 8, 2001). On October 11, 2002, the United States Court of Appeals for the Second Circuit issued a mandate denying petitioner's application to file a second or successive 28 U.S.C. § 2254 petition. *See Simmons v. Artuz*, No. 02-3617 (2d Cir. Oct. 11, 2002). Subsequently, on July 23, 2004, the Second Circuit denied a second application by petitioner to file a successive habeas petition. *See Simmons v. Poole*, No. 04-1964-op (2d Cir. July 23, 2004). Finally, on August 30, 2004, the Second Circuit denied a third application to file a successive habeas petition. *See Simmons v. Artuz*, No. 04-2909-pr (2d Cir. Aug. 30, 2004).

On October 21, 2009, petitioner filed a second or successive 28 U.S.C. § 2254 petition for a writ of habeas corpus in the Eastern District of New York that was transferred to the Second Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Simmons v. People of the*

2

*State of New York*, No. 09-CV-04654 (ARR) (E.D.N.Y. Jan. 13, 2010). Subsequently, the Second Circuit issued mandates denying two more applications by petitioner to file a second or successive 28 U.S.C. § 2254 petition. *See Simmons v. People of the State of New York*, No. 10-120-op (2d Cir. Mar. 16, 2010); *Simmons v. People of the State of New York*, No. 10-1064-op (2d Cir. June 29, 2010), *reconsideration denied*, Motion Order (2d. Cir. Aug. 17, 2010).

On January 9, 2012, petitioner filed the instant petition. Although not clearly presented, petitioner appears to challenge the denial of his most recent attempt to overturn the 1990 Conviction in state court. Attached to the Petition is a June 14, 2011 Order issued by New York State Supreme Court Justice John G. Ingram, a respondent in this case, denying as procedurally barred petitioner's N.Y. Crim. Proc. § 440.10 motion to vacate his conviction on the grounds that the testimony of his codefendant should have been suppressed as the fruit of a warrantless arrest. (Pet. at 16-20.) Petitioner also attached his underlying N.Y. Crim. Proc. § 440.10 motion dated March 5, 2011 (Pet. at 11-15) as well as a letter indicating that petitioner has filed an application for leave to appeal Justice Ingram's June 14, 2011 Order in the New York State Appellate Division, Second Judicial Department. (Pet. at 21.)

## **DISCUSSION**

The All Writs Act, 28 U.S.C. § 1651, provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). A petition for a writ of *certiorari* is filed in the United States Supreme Court by a party who seeks review by the United States Supreme Court of a decision of a federal appellate court or state court; such writ cannot be filed in the district court. *See* Sup. Ct. R. 13. Accordingly, because this Court does not have the authority to issue a writ of *certiorari*, the petition is denied.

Alternatively, if petitioner seeks to challenge his Kings County conviction again in federal court by means of a 28 U.S.C. § 2254 petition for a writ of habeas corpus, he must apply to the United States Court of Appeals for the Second Circuit for permission to do so as the Antiterrorism and Effective Death Penalty Act of 1996 "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

4

Finally, to the extent petitioner seeks to appeal the denial of his March 5, 2011 post-conviction motion by the state court, he must continue to pursue his remedies in state court.

## CONCLUSION

For the reasons set forth above, the "application for writ of *certiorari*" is dismissed as the court has no jurisdiction to issue such a writ. Alternatively, if petitioner seeks to challenge the 1990 Conviction in federal court by means of a 28 U.S.C. § 2254 petition for a writ of habeas corpus, he must apply to the United States Court of Appeals for the Second Circuit for permission to file a successive petition.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk is respectfully requested to serve a copy of this Memorandum and Order on *pro se* petitioner and note service on the docket, enter judgment in favor of respondents, dismiss this action and close this case.

**SO ORDERED.**

Dated:   January 26, 2012
         Brooklyn, New York

                                              /s/
                                    KIYO A. MATSUMOTO
                                    United States District Judge
                                    Eastern District of New York